IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHALE HERRING, ) | |
|     ID # 1884959, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:15-CV-1921-K-BH |
| ) | |
| LORIE DAVIS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Motion to Reinstate Case*, received on August 9, 2018. (*See* doc. 26).

**I. BACKGROUND**

Michale Herring (Petitioner) filed a 28 U.S.C. § 2254 habeas petition that was received on June 3, 2015. (*See* doc. 3). On April 25, 2017, it was recommended that the petition be denied. (*See* doc. 18). No objections were filed, and the Court accepted the recommendation and denied the petition on May 16, 2017. (*See* docs. 19, 20). Petitioner had mailed a motion for extension of time to file his objections to the recommendation on May 12, 2017, but it was not received until May 18, 2017. (doc. 22.) By order entered on May 19, 2017, an extension of time until June 15, 2017, was granted for Petitioner to file his objections. (doc. 23). The order stated that "[e]ven though Judgment was entered on May 16, 2017, the Court will consider the petitioner's (to be filed) objections to the U.S. Magistrate Judge's Findings, Conclusions and Recommendation." (*Id.*)

No objections were filed. In June 2018, Petitioner requested a copy of the docket sheet, and a copy was sent to him. (*See* doc. 23.) In July 2018, Petitioner inquired about the status of

objections that he mailed on June 13, 2017, and he was informed that no objections had been filed. (*See* doc. 24.) On August 9, 2018, Petitioner moved to reinstate this case. (*See* doc. 26.) His motion states that he mailed his objections on June 13, 2017, and attached is a response from a prison official to his inquiry about his outgoing legal mail around that date which states that legal mail from Petitioner to this Court and to the respondent was sent on June 14, 2017. (*Id.* at 4.)

## II.  MOTION TO REINSTATE

Petitioner's request to reinstate his case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b).  *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

Here, Petitioner's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable.  It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  Rule 60(b)(6) is "a residual clause used

2

to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Petitioner has shown that he timely mailed his objections, but they were never received by this Court. His motion to reinstate is not accompanied by a copy of his objections for consideration, so he has not provided any basis for setting aside the judgment under Rule 60(b). His motion to reinstate should therefore be denied.

### III.  RECOMMENDATION

The motion to reinstate the case should be **DENIED**.

**SO RECOMMENDED** this 13th day of August, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE